IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO ECHEVERRIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-0468 |
| | § | |
| JOSE L. PULIDO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This case arises from a collision between a Ford Explorer and a tractor-trailer. The plaintiff, Francisco Echeverria, was driving the Explorer. The tractor-trailer was owned by Manuel Acosta and was driven by an employee of Acosta Trucking, Jose Pulido. Manuel Acosta, who owned the trucking company, was a passenger in the tractor-trailer. The accident occurred in June 2012. Echeverria alleges that he hurt his back in the accident and seeks damages.

In a hearing held on March 14, 2014, counsel for Echeverria advised that his client might require surgery for his back injury. Two days earlier, a treating physician had recommended that Echeverria have an L4-L5 discectomy and perhaps fusion. The court entered an order stating that if the "plaintiff advises the court that he will need surgery, the plaintiff will have until July 18, 2014 to file any supplemental expert designations and the defendant will have until August 22, 2014 to file any supplemental expert designations. The final pretrial conference will be set for **September 2, 2014 at 8:30 a.m.** in Courtroom 11-B, and jury selection and trial will begin on September 4, 2014." (Docket Entry No. 32). That schedule continued the previously set trial date.

At the March 14 hearing, the defendants requested leave to designate a biomechanical expert if surgery was going to occur.  Because the plaintiff has now affirmed that he will have surgery, the defendants have filed a motion seeking this relief.  The defendants do not ask for additional time.  Instead, the defendants propose an additional expert designation, and a responsive designation if the plaintiff chooses, within the deadlines set by the current docket control and scheduling order.  The defendants propose that they file their designation and report by July 1, 2014; that the plaintiff supplement his designation, including designating any responsive biomechanical expert, by July 18, 2014; and that the defendants file any responsive supplemental report by August 22, 2014.  (Docket Entry No. 35).

Echeverria responded to the defendants' motion for leave before it was formally filed.  (Docket Entry No. 37).  In his response, Echeverria argued that the proposed designation of the additional expert is untimely and prejudicial.  As to the first point, Echeverria argued that the possibility of surgery in the event conservative treatment failed had been apparent since July 2012.  Echeverria argued that the proposed additional expert is in fact a liability expert, not a medical expert, and should have been disclosed earlier.  As to the second point, Echeverria argues that the additional discovery cost is unnecessarily prejudicial — unnecessary because the information on causation the defendants assert they need can be obtained from other experts already designated.

In deciding whether the testimony of a late-designated expert witness should be permitted, a court considers:

> (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness.

*Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996 (5th Cir. 1998).

The court finds that the defendants have shown the importance of the proposed additional expert to their defense. The recent change in the assessment of the severity of the injuries Echeverria received make the designation of an expert on the biomechanics linking the accident to the injury important. The fact that the defendants previously designated an orthopedic surgeon who generally denied a causal link does not respond to the recent need for the more specific expertise of a biomechanics expert. There is no prejudice to the plaintiff other than the added expense of the discovery. That added expense is proportional in light of the added complexity and potential stakes that Echeverria's surgery created. There is no need for a continuance. And the defendants have sufficiently explained why they believed that a biomechanics expert was not reasonably necessary for this case until Echeverria's treating physician decided that his back injury was so severe as to require surgery.

The defendants' motion for leave to designate a biomechanics expert is granted. The designation and report are due by **July 1, 2014**. The plaintiff may supplement (including by designation a new responsive expert) by **July 18, 2014**. The defendants must file any responsive supplemental report by **August 22, 2014**.

SIGNED on June 5, 2014, at Houston, Texas.

                                          Lee H. Rosenthal
                                          United States District Judge